IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**AARON McKINNEY,**                                                                              **PLAINTIFF**

**V.**                                                                             **NO. 4:05CV271-P-D**

**MISSISSIPPI STATE PENITENTIARY, ET AL,**                           **DEFENDANTS**

**ORDER DENYING IN FORMA PAUPERIS STATUS AND DISMISSING COMPLAINT**

Plaintiff has filed this *pro se* complaint seeking relief under 42 U.S.C. § l983, along with an application for leave to proceed thereon *in forma pauperis*, and the supporting affidavit submitted pursuant to 28 U.S.C. § l915.

An amendment on April 26, 1996, to Section 7 of 42 U.S.C. 1997(e), the Civil Rights of Institutionalized Persons Act provides that:

> No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The Mississippi Department of Corrections has an Administrative Remedy Program. *See Gates, et al v. Collier, et al*, No. GC71CV6-S-D, Order dated February 15, 1994. There is no indication that plaintiff has used the grievance procedure concerning the issues which he wants to pursue in this court. Accordingly, under the April 26, 1997, amendment to Section 7 of 42 U.S.C. 1997(e), until evidence of exhaustion of the Administrative Remedy Program is provided plaintiff may not proceed with this case.

Therefore, it is **ORDERED:**

That plaintiff's application for leave to proceed *in forma pauperis* is hereby **denied**. The Clerk of Court is directed to close this case.

THIS the 27th day of December, 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE